

UNITED STATES DISTRICT COURT
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

H. CRAIG FABIAN

     Plaintiff,

vs.                             Case No.: 3:11cv406

B & K ASSOCIATES, INC., a Virginia
corporation,

     Defendant.

_____/

## COMPLAINT

Plaintiff, H. CRAIG FABIAN ("Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues B & K ASSOCIATES, INC., a Virginia corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181, et.seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA").

2.  This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343. Venue is proper in this Court pursuant to 28 U.S.C. §1391(B) and Local Rules of the United States District Court for the Eastern District of Virginia.

3.  Plaintiff, H. CRAIG FABIAN (hereinafter referred to as "MR FABIAN") is a resident of the State of Virginia and is a qualified individual with a disability under the ADA. MR FABIAN suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other

applicable Federal statutes and regulations. Prior to instituting the instant action, MR FABIAN personally visited the Defendant's premises, **Play It Again Sports,** located at and around the intersection of **8003 W. Broad St., Richmond,** VA, (hereinafter referred to as the "RETAIL STORE"), and was denied full, safe and equal access to the Defendant's premises due to the barriers to access which exist and the Defendant's lack of compliance with the ADA. MR FABIAN intends to and continues to desire to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access and violations which continue to exist. On October 11, 2010, plaintiff sent a letter to defendant, through Compliance Alliance, notifying Defendant of the alleged barriers to access at its facility. Said letter is attached hereto as Exhibit "A" and incorporated herein. Defendant never responded to said letter.

4.      The Defendant, B & K ASSOCIATES, INC., , a Virginia corporation, (hereinafter referred to as "B & K") is authorized to conduct and is conducting business in the State of Virginia.  Upon information and belief, B & K is the owner and/or operator of the RETAIL STORE.

5.      All events giving rise to this lawsuit occurred in the Eastern District of Virginia in Richmond.

### COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6.      On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq.   Commercial enterprises were provided one-and-a-half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the establishment

2

owned and/or operated by B & K is a place of public accommodation in that it is a RETAIL STORE, which provides goods and services to the public.

8.      Defendant, B & K has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the RETAIL STORE in derogation of 42 U.S.C. § 12101 et. seq.

9.      The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the RETAIL STORE.  Prior to the filing of this lawsuit, the Plaintiff visited the Defendant's premises and was denied access to the benefits, accommodations and services of the Defendant's place of public accommodation and therefore suffered an injury in fact. In addition, the Plaintiff continues to desire and intends to visit the RETAIL STORE, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at the RETAIL STORE in violation of the ADA.  MR FABIAN has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's deliberate and knowing violations of the ADA.

10.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.     B & K is in violation of 42 U.S.C. § 12181 et.seq and 28 C.F.R. § 36.302 et seq., and are discriminating against the Plaintiff as a result of inter alia, the following specific barriers to access:

        i.      Two existing spaces reserved as "accessible" do not contain access aisles;

3

ii.    A van accessible parking space is not provided;

iii.   The accessible route of travel may be reduced to less than 36" due to vehicle overhang;

iv.    Spaces are not distributed evenly to the various accessible entrances;

v.     The ramp and/or tapered side of the existing "built-out" curb ramp maintains a grade in excess of 12:1 or 8.33%;

vi.    No above grade signage for existing spaces reserved as "accessible" is provided;

vii.   The existing curb ramp is not protected from possible obstruction by parked vehicles;

viii.  The existing curb ramp does not contain a detectable warning surface

12.    There are other current violations of the ADA at the RETAIL STORE owned and/or operated by B & K  that are not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.    Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, B & K was required to make the subject property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, B & K has failed to comply with this mandate.

15.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by B & K, pursuant to 42 U.S.C. § 12205.

16.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make it readily

4

accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and

closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against B & K and requests the

following injunctive and declaratory relief:

A. That the Court declare that the property owned and administered by B & K is violative of the ADA;

B. That the Court enter an Order directing B & K to alter the subject facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing B & K to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated April 20, 2011     Respectfully submitted,

/s/ James T. Tsai
James Tse Chung Tsai, Esquire
Virginia Bar No. 76141
Pesner Kawamoto Conway, PLC
7926 Jones Branch Dr. Suite 930
McLean, VA 22102
Telephone: (703) 506-9440
Facsimile: (703)506-0929
jtsai@pkc-law.com
*Local Counsel*
Stephan M. Nitz, Esquire
Florida Bar No. 0045561
Schwartz Zweben, LLP
3876 Sheridan Street,
Hollywood, FL 33021

Telephone:  (954) 966-2483
snitz@szalaw.com
*Proposed Pro hac vice Lead Counsel*